INTERNATIONAL HOUSE OF
PANCAKES, INC., Plaintiff–
Appellant Cross–Appellee,

v.

TWIN CITY FIRE INSURANCE
COMPANY, Defendant–Appellee
Cross–Appellant.

No. 00–55013, 00–55110.
D.C. CV–98–10374–ER–02.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 10, 2001.

Decided Sept. 26, 2001.

Before RYMER and RAWLINSON,
Circuit Judges, and POGUE, Judge.*

* Honorable Donald C. Pogue, Judge, United States Court of International Trade, sitting by

## MEMORANDUM **

Following entry of judgment after trial, IHOP appeals several aspects of the district court's jury instructions and the district court's refusal to include a question on the special verdict form requiring a determination on IHOP's breach of contract claim. Twin City claims that IHOP waived its right to appeal both the jury instructions and the special verdict form, and we agree.[1]

## I. Jury Instructions

■■■ Federal Rule of Civil Procedure 51 provides that:

> [n]o party may assign as error the giving or the failure to give an instruction unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection. Opportunity shall be given to make the objection out of the hearing of the jury.

Fed.R.Civ.P. 51. This circuit's strict interpretation of Rule 51 precludes review of jury instructions unless a proper objection was made in the district court. *See McGonigle v. Combs,* 968 F.2d 810, 823 (9th Cir.1992). The court recognizes only a limited exception to Rule 51 for "futile formal objection[s]." *Glover v. BIC Corp.,* 6 F.3d 1318, 1326 (9th Cir.1993). IHOP argues that the district court was aware of its position through objections made in chambers, pretrial briefs and proposed jury instructions. Moreover, IHOP claims that the court repeatedly disregarded its position and, therefore, any objections would have been futile formalities. It is, however, unnecessary to consider whether an objection would have been a futile formality because IHOP expressly waived its right to appeal.

On the last day of trial, November 5, 1999, the court asked counsel for both IHOP and Twin City whether they had reviewed the revised jury instructions. The following conversation ensued:

> The Court: Have you seen these new instructions?
>
> [Counsel for Twin City]: Which one . . .?
>
> The Court: All of the instructions?
>
> [Counsel for IHOP]: We have seen them, Your Honor.
>
> The Court: Are they satisfactory?
>
> [Counsel for IHOP]: They are, Your Honor.

RT, Vol. 4 at 6.

At this time not only did IHOP have an opportunity to object to the jury instructions, but, rather then stating its disagreement with the instructions for the record, IHOP expressly accepted the court's instructions. Although the Ninth Circuit does not require a formal objection where such an objection would be futile, it does not follow that the objecting party can specifically acquiesce to the formulation of the instructions and then argue that an objection would be a futile formality. By agreeing that the instructions were "satisfactory," IHOP expressly waived its right to appeal the formulation of those jury instructions.

## II. Special Verdict Form

■■■ Federal Rule of Civil Procedure 49 requires the parties to assert their objec-

---

designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Twin City also filed a protective cross appeal pertaining to the district court's failure to grant its motion for summary judgment. Because we affirm the trial court's judgment, it is unnecessary to consider this issue.

tions to the court's special verdict form before the jury retires for deliberations. Objections must be sufficiently specific and formal to put the court on notice that it is committing an error of law or an abuse of discretion. *United States v. Parsons Corp.*, 1 F.3d 944, 945 (9th Cir.1993).[2]

■ *Parsons* distinguishes between a party's suggested changes to a special verdict form and formal objections. *Id.* ("[I]t's one thing to tell the district judge your preferences, and quite another to object when he disregards them."). In order to preserve an argument for appeal over the wording of a special verdict form, the party objecting must make clear that "the court ... would be committing an error of law or an abuse of discretion if it did not adopt" that party's approach. *Id.* Twin City argues that IHOP did not properly object to the special verdict form and, therefore, waived its right to appeal. We agree.

As in *Parsons*, IHOP's counsel indicated that "We do have one question." RT, Vol. 4 at 99. Merely asking a question, however, does not imply that the judge erred as a matter of law or committed an abuse of discretion. IHOP's question was directed at the lack of reference to breach of contract in the special verdict form. In response to the court's statement that in this case the breach of contract and the breach of implied covenant of good faith were one and the same, IHOP's counsel answered "Yes and no, Your Honor. It may or may not be." *Id.* Such a response does not point out errors of law to the court. Rather, it is "quibbling about matters within the court's discretion[,]" *Parsons*, 1 F.3d at 945, because "yes and no," "may or may not be" implies that the court could be right and has discretion in this area. RT, Vol. 4 at 99.

IHOP further argues that no formal objection was necessary because the trial court was aware of IHOP's objections. Specifically, IHOP relies on comments made in response to the court's discussion of the similarity between breach of contract and breach of the implied covenant of good faith. IHOP counsel stated that "As Mr. Guslani noted in arguing, this is a correct statement, I think of the law, that if two people have a reasonable disagreement. We don't think it's reasonable. If they have a reasonable agreement [sic] that may mean there is no bad faith." RT, Vol. 4 at 99. Although IHOP argues that this statement is an accurate expression of the law and the court clearly understood IHOP's objection from this statement, it is not clear from the record that the court was made aware of IHOP's position. Rather, the court asked IHOP "What is your point here?" *Id.* IHOP's confusing response together with its non-assertive language, are mere "suggestions" and, therefore, did not alert the court to specific objections.

Rule 49 also requires objections to be stated before the jury retires to deliberate. It is undisputed that IHOP did not comment on the special verdict form until after the jury retired for deliberations. Although IHOP attempts to argue that it did not have an opportunity to object before the jury retired and that such an opportunity is implicit in Rule 49, IHOP presents no evidence to support this position. Nothing in the record indicates whether

---

**2.** In *Parsons*, the United States challenged the special verdict form. Counsel for the United States told the court "I'm thinking that it's just easier to go through [my suggested] special verdict form, Your Honor." *Parsons*, 1 F.3d at 945. We held that although the district court was made aware of the United States' preferences, there was no clear objection to the special verdict form. *See id.*

IHOP did or did not have an opportunity to object to the special verdict form.

For the foregoing reasons the district court's opinion is AFFIRMED.